# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Kelsey Ann Kruse, *individually and on behalf of N.J.H., A.L.H., and as Trustee for the Next of Kin of A.L.H.*,

      Plaintiff,

v.

The City of Elk River, *et al.*,

      Defendants.

Case No. 21-cv-1262 (JRT/TNL)

**ORDER**

---

Richard W. Hechter and Richard L. Morris, Morris Law Group, P.A., 7380 France Avenue South, Suite 250, Minneapolis, MN 55435; and Carrie Anne Loch, Law Office of Carrie Loch, 601 Carlson Parkway, Suite 1050, Minnetonka, MN 55305 (for Plaintiff Kelsey Ann Kruse);

Joseph E. Flynn and Patrick S. Collins, Jardine Logan & O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042 (for Defendants The City of Elk River, Elk River Police Department, David Williams, Eric Balabon, Joe Gacke, Brandon Martin, Clayton Aswegan, Kevin Heidt, Jon Christie, Brian Boos, Evan Patullo, Tyler Corrier, Adam Bebeau, Chris Morgan, Joe Firkus, Reid Ellanson, Jeanette Nelson, Todd Erickson, Wyatt Studniski, Nic Albert, Thomas Chaffin, Dave Windels, Dale Olmscheid, and Jeff Garcia);

James R. Andreen and Samantha R. Alsadi, Erstad & Riemer, P.A., 7301 Ohms Lane, Suite 400, Minneapolis, MN 55439 (for Defendants Derek Barett, The County of Sherburne, Sherburne County Health and Human Services, Sherburne County Minnesota Child Protection Services, Sarah Boonstra, Ashton Minke, Julie Ann Mlsna, and Danette Bird); and

Elizabeth J. Vieira and Michael J. Waldspurger, Rupp, Anderson, Squires & Waldspurger, 333 South Seventh Street, Suite 2800, Minneapolis, MN 55402 (for Defendants Independent School District 728, Lincoln Elementary School, Sheila Forney, Samuel Hines, Independent School District 728 School Board, Mary Gartin, Mary Rowe, and Rebecca Dexheimer).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants Derek Barett, The County of Sherburne, Sherburne County Health and Human Services, Sherburne County Minnesota Child Protection Services, Sarah Boonstra, Ashton Minke, Julie Ann Mlsna, and Danette Bird's ("the County Defendants") Rule 37(a) Motion to Compel Discovery, ECF No. 106;[1] and Defendants The City of Elk River, Elk River Police Department, David Williams, Eric Balabon, Joe Gacke, Brandon Martin, Clayton Aswegan, Kevin Heidt, Jon Christie, Brian Boos, Evan Patullo, Tyler Corrier, Adam Bebeau, Chris Morgan, Joe Firkus, Reid Ellanson, Jeanette Nelson, Todd Erickson, Wyatt Studniski, Nic Albert, Thomas Chaffin, Dave Windels, Dale Olmscheid, and Jeff Garcia's ("the City and Police Defendants") Motion to Compel Discovery and Seek Sanctions, ECF No. 112.

For the reasons set forth below, the motions are granted, and the hearing on the motions scheduled for May 2, 2023, is cancelled.

## II. BACKGROUND

On May 20, 2021, Plaintiff Kelsey Ann Kruse filed a Complaint individually and on behalf of N.J.H., A.L.H., and as Trustee for the Next of Kin of A.L.H. against the County Defendants and the City and Police Defendants, among others. *See generally* Compl., ECF No. 1. Plaintiff alleges that "Defendants in this matter had actual notice of significant child

---

[1] The County Defendants filed the same Rule 37(a) Motion to Compel Discovery on March 21, 2023. ECF No. 102. The Court entered a notice of non-compliance with Local Rule 7.1 because the supporting documents were not filed simultaneously with the motion. ECF No. 105. The County Defendants then refiled the same motion on April 18, 2023, ECF No. 106, along with the supporting documents. Accordingly, the Clerk's Office shall terminate the first motion, ECF No. 102.

abuse being inflicted upon A.L.H. and N.J.H. by [their father and stepmother] that resulted in A.L.H.'s death."  Compl. ¶¶ 1-2.  Plaintiff brings several claims against Defendants, including deprivation of civil rights, deprivation of right to life and rights to protection/support from mother without due process, negligence, and wrongful death.  *See generally* Compl.

On April 18, 2023, the County Defendants filed a Rule 37(a) Motion to Compel Discovery Responses.  ECF No. 106.  The County Defendants note that they served Plaintiff with their first set of Interrogatories and Request for Production of Documents on April 29, 2022.  County Def.'s Mem. in Supp. at 2, ECF No. 108.  According to the County Defendants, Plaintiff provided untimely and deficient Answers to the Interrogatories, and failed to provide any responses to the Request for Production of Documents.  *Id*.  The County Defendants sent Plaintiff a deficient discovery responses letter requesting that Plaintiff provide amended discovery responses by July 22, 2022.  *Id*.  After numerous conversations between the parties, Plaintiff served amended Answers to the Interrogatories on November 15, 2022, but again failed to provide any responses to the Request for Production of Documents.  *Id*. at 2-3.  On February 16, 2023, the County Defendants sent Plaintiff an email and letter asking to confer with them about the missing responses and requesting that Plaintiff cure the deficiencies and provide written responses and documents by March 2, 2023.  *Id*. at 3.  Plaintiff never responded to the County Defendants' email or letter.  *Id*.  The parties met via Zoom on March 3, 2023, to discuss, among other topics, Plaintiff's missing discovery responses.  *Id*.  According to the County Defendants, "[d]uring the zoom conference call, counsel for Plaintiff acknowledged their delay and

3

stated they would provide discovery responses and documents no later than March 9, 2023." *Id*.  However, Plaintiff did not provide any responses by March 9, nor did Plaintiff inform the County Defendants that she would not be providing any responses.  *Id*.  On March 14, 2023, the County Defendants emailed Plaintiff about the missing responses to the Request for Production of Documents.  *Id*.  Plaintiff did not respond to this email.  *Id*. The County Defendants followed up again with Plaintiff on March 17, 2023, and requested Plaintiff provide responses by March 21, 2023, but Plaintiff did not respond.  *Id*.  On April 4, 2023, the parties met for a phone conference to discuss Plaintiff's missing discovery responses.  *Id*. at 4.  Two days later, the County Defendants sent Plaintiff a letter regarding its motion to compel and stating that it would request attorney's fees if it was forced to move forward with the motion.  *Id*.  Plaintiff never responded to the letter.  *Id*.

In their motion, the County Defendants argue that they "have tried numerous times to obtain responses from Plaintiff, but these efforts have been unsuccessful. Plaintiff either ignores [the] County Defendants' communications, or, indicates she will provide responses by a certain date, and then does not provide her responses by the date she said she would." *Id*. at 7.  The County Defendants request that the Court compel Plaintiff to respond to Plaintiff's first set of Request for Production of Documents by May 5, 2023.  *Id*.  The County Defendants also move for an award of reasonable attorney's fees incurred in bringing its motion to compel.  *Id*. at 8.

The City and Police Defendants also filed a Motion to Compel Discovery and Seek Sanctions, setting forth multiple failed attempts to obtain discovery responses from Plaintiff much like the County Defendants.  ECF No. 112; *see also* City Def.'s Mem. in

Supp. at 2, ECF No. 115.   The City and Police Defendants served Plaintiff written Interrogatories and a Request for Production of Documents on March 18, 2022.  City Def.'s Mem. in Supp. at 2.  Plaintiff provided untimely Answers to Interrogatories on June 28, 2022, but did not provide any responses to the Request for Production of Documents.  *Id*. Thereafter, the City and Police Defendants sent at least six emails, made several phone calls, and sent a lengthy letter to Plaintiff outlining the discovery deficiencies and requesting a meet and confer, but Plaintiff did not "substantively respond to any of the requested supplementation other than to agree that Defendants were entitled to the additional information, and that Plaintiffs would shortly be supplementing their responses." *Id*. According to the City and Police Defendants, despite repeated promises to provide the requested information, Plaintiff has not provided such information.  *Id*.  As "a last-ditch effort to avoid" filing the motion to compel, the City and Police Defendants asked Plaintiff to meet her promise of providing the requested discovery one last time.  *Id*.  Plaintiff did not respond.  *Id*.

The City and Police Defendants move the Court for an order compelling Plaintiff to fully supplement their Answers to Interrogatory Nos. 4, 7, 9, 12, 13, 15, 16, 20, 21, 23, 24, 25, 26, 27, and 28, and provide responses to the Request for Production of Documents within ten days.  *Id*. at 1, 32.  They also ask the Court to award them reasonable attorney's fees incurred in bringing its motion to compel.  *Id*. at 32.

A hearing on the motions is currently scheduled for May 2, 2023.  ECF Nos. 107, 113.  As of the date of this Order, Plaintiff has not filed a responsive memorandum of law and any affidavits or exhibits for either motion.  Nor has Plaintiff requested an extension

of time to do so.

## III. DISCUSSION

### A.  Failure to File Responsive Memorandum

As an initial matter, Plaintiff failed timely to file and serve a responsive memorandum of law to either motion.  Plaintiff's memorandum in opposition to the County Defendants' motion to compel and the City and Police Defendants' motion to compel was due on April 25, 2023.  *See* D. Minn. LR 7.1(b)(2) ("Within 7 days after filing of a nondispositive motion and its supporting documents under LR 7.1(b)(1), the responding party must file and serve the follow documents: memorandum of law; and any affidavits and exhibits.").

Under Local Rule 7.1(g),

> If a party fails to timely file and serve a memorandum of law, the [C]ourt may:
>
> (1)    cancel the hearing and consider the matter submitted without oral argument;
>
> (2)    reschedule the hearing;
>
> (3)    hold a hearing, but refuse to permit oral argument by the party who failed to file;
>
> (4)    award reasonable attorney's fees to the opposing party;
>
> (5)    take some combination of these actions; or
>
> (6)    take any other action that the [C]ourt considers appropriate.

Here, Plaintiff "failed to file a responsive memorandum, and the Court has not received any explanations or requests for filing deadline extensions from [Plaintiff's] counsel."  *See*

6

*Weseman-Roth v. Conversion Solutions, LLC*, No. 06-cv-1185, 2007 WL 656263, at *1 (D. Minn. Feb. 28, 2007).   Under the circumstances, the Court finds it appropriate to cancel the May 2 hearing on the County Defendants' motion to compel and the City and Police Defendants' motion to compel and consider the matters submitted without oral argument. *See* D. Minn. LR 7.1(g)(1); *see also Doud v. Durham School Service, L.P.*, No. 14-cv-3403 (PAM/HB), 2017 WL 963145, at *2 (D. Minn. Mar. 9, 2017).   The Court finds that rescheduling the hearing would only further delay resolution of the motions, and that holding a hearing but refusing to permit oral argument by Plaintiff would not add anything to the Court's consideration of the motions.

The Court also finds it appropriate to award the County Defendants and the City and Police Defendants reasonable attorney's fees incurred in bringing their motions to compel.  *See* D. Minn. LR 7.1(g)(4)-(6); *see also Ebert v. General Mills, Inc.*, No. 13-cv-3341 (DWF/HB), 2016 WL 11783762, at *1-2 (D. Minn. Dec. 20, 2016).   The County Defendants' counsel and the City and Police Defendants' counsel made multiple unsuccessful attempts to discuss Plaintiff's insufficient or outstanding discovery responses with Plaintiff's counsel.  *See* County Def.'s Mem. in Supp. at 2-4; City Def.'s Mem. in Supp. at 2.  Plaintiff's failure to provide discovery responses or respond to Defendants' counsel's communications about the issues necessitated Defendants bringing the instant motions to compel in order to get the requested discovery responses.  Plaintiff's failure to file a responsive memorandum to the County Defendants' motion or the City and Police Defendants' motion continues Plaintiff's pattern of non-responsiveness and constitutes a violation of this District's Local Rules.  *See* D. Minn. LR 7.1(b)(2).  Accordingly, Plaintiff

shall pay the County Defendants and the City and Police Defendants reasonable attorney's fees incurred in bringing their motions to compel.  The County Defendants and the City and Police Defendants shall file an affidavit setting forth the time reasonably spent on their motion to compel, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion to compel, and any factual matters pertinent to attorney's fees within 14 days of this Order.  Plaintiff shall file any and all objections to the affidavits within 7 days after the filing of the affidavits.

**B. The County Defendants' and the City and Police Defendants' Motions to Compel Discovery**

As stated above, both the County Defendants and the City and Police Defendants contend that Plaintiff provided untimely and deficient Answers to their Interrogatories, and failed to provide any responses to their Request for Production of Documents.  County Def.'s Mem. in Supp. at 2; City Def.'s Mem. in Supp. at 2.  The County Defendants move the Court to compel Plaintiff to serve complete responses and documents to their Request for Production of Documents on or before May 5, 2023.  County Def.'s Mem. in Supp. at 1, 5-7, 10.  The City and Police Defendants move the Court to compel Plaintiff to supplement fully her Answers to their Interrogatory Nos. 4, 7, 9, 12, 13, 15, 16, 20, 21, 23, 24, 25, 26, 27, and 28, and provide complete responses and documents to their Request for Production of Documents within ten days.  *Id*. at 1, 32.

The Federal Rules of Civil Procedure provide that the responding party must serve its answers and any objections to an interrogatory within 30 days after being served with the interrogatories.  Fed. R. Civ. P. 33(b)(2).  The responding party must answer each

8

interrogatory, to the extent it is not objected to, "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "Any ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added). Similarly, the party to whom a request for production of documents is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). Any objections "must state whether any responsive materials are being withheld on the basis of the objection," and "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Where a party "fails to answer an interrogatory" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection," the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("[M]agistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made[, however,]

before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." (quotation omitted)).  "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case." *Vallejo*, 903 F.3d at 742 (quotation omitted); *see* Fed. R. Civ. P. 26(b)(2)(C)(iii).  Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d 742-43.

Here, Plaintiff's failure to file and serve a responsive memorandum to the County Defendants' motion to compel and the City and Police Defendants' motion to compel "represents a sufficient, independent basis" for the Court to grant the motions.  *See Sgromo v. Target Brands Inc.*, No. 20-cv-1030 (JRT/LIB), 2020 WL 7626606, at *13 (D. Minn.

Oct. 7, 2020); *see also Schuett v. LaRiva*, No. 15-cv-4207 (WMW/SER), 2016 WL 11483861, at *2 (D. Minn. May 26, 2016) (Plaintiff's "failure[ ] to comply with the Local Rules alone may warrant" granting Defendant's motion).  In the absence of any response from Plaintiff, her position on the County Defendants' motion to compel and the City and Police Defendants' motion to compel is viewed as one of non-opposition.  *See Miller v. Northwest Airlines, Inc.*, No. 11-cv-2063 (SRN/AJB), 2013 WL 5425420, at *24 (D. Minn. Sept. 27, 2013) (considering the defendant's motion to be unopposed where the plaintiff failed to timely file her responsive memorandum); *see also Weseman-Roth*, 2007 WL 656263, at *1 n.1; *Dadhi v. American Sec. Corp., LLC*, No. 04-cv-4534 (DWF/JSM), 2005 WL 475340, at *2 (D. Minn. June 22, 2005).

Further, the Court has reviewed the County Defendants and the City and Police Defendants' motions to compel and supporting documents, including the County Defendants and the City and Police Defendants' Requests for Production of Documents, and the City and Police Defendants' Interrogatories and Plaintiff's Answers thereto.  Ex. B. to Samantha R. Alsadi Decl., ECF No. 109-2; Ex. B to Joseph E. Flynn Aff., ECF No. 116-2; Ex. A to Flynn Aff., ECF No. 116-1; Ex. C to Flynn Aff., ECF No. 117.  The Court finds that Defendants' discovery requests are relevant, proportional to the needs of the case, and would not impose an undue burden on Plaintiff to produce.  Accordingly, the Court will compel Plaintiff to serve complete responses and documents to the County Defendants' Request for Production of Documents on or before May 5, 2023.  The Court will also compel Plaintiff to provide complete responses and documents to the City and Police Defendants' Request for Production of Documents, and fully supplement her

Answers to their Interrogatory Nos. 4, 7, 9, 12, 13, 15, 16, 20, 21, 23, 24, 25, 26, 27, and 28, within ten days of the Court's Order.

As a final matter, the Court notes that Plaintiff has not only failed to respond to the opposing parties' discovery requests and communications, but has also failed to litigate her case by filing any response to the motions currently before the Court. Plaintiff is warned, and Defendants should also take heed, that the Court will not hesitate to impose additional appropriate sanctions, including without limitation, dismissal of this case, should the record reflect a continuing pattern of a party's failure to comply with its discovery obligations.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The motions hearing set for May 2, 2023, at 10:30 a.m. in Courtroom 9W (MPLS) before Magistrate Judge Tony N. Leung, ECF Nos. 107, 113, is **CANCELLED**.

2. The County Defendants' Rule 37(a) Motion to Compel Discovery, ECF No. 106,[2] is **GRANTED**.

3. **On or before May 5, 2023**, Plaintiff shall serve complete responses and documents to the County Defendants' Request for Production of Documents.

4. The City and Police Defendants' Motion to Compel Discovery and Seek Sanctions, ECF No. 112, is **GRANTED**.

5. **Within 10 days of the date of this Order**, Plaintiff shall serve complete responses and documents to the City and Police Defendants' Request for Production of Documents, and fully supplement her Answers to their Interrogatory Nos. 4, 7, 9, 12, 13, 15, 16, 20, 21, 23, 24, 25, 26, 27, and 28.

---

[2] The Clerk's Office shall term the County Defendants' duplicate Rule 37(a) Motion to Compel Discovery, ECF No. 102.

6. **Within 14 days of the date of this Order**, the County Defendants and the City and Police Defendants shall file an affidavit setting forth the time reasonably spent on their motion to compel, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion to compel, and any factual matters pertinent to attorney's fees.

7. **Within 7 days of the filing of Defendants' affidavits**, Plaintiff shall file any and all objections to the affidavits.

8. All prior consistent orders remain in full force and effect.

9. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: April __28__, 2023                          _____*s/Tony N. Leung*_____
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota


                                                   *Kruse v. The City of Elk River, et al.*
                                                   Case No. 21-cv-1262 (JRT/TNL)